IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| Plaintiff | : | Cr. No. 1:13-mj-02682-TJS |
| | : | |
| vs. | : | |
| | : | |
| ANTHONY DENNIS WILLIAMS II | : | |
| | : | |
| Defendant. | : | |

……………………………………………………………………………………………..

### SUPPLEMENTAL SENTENCING MEMORANDUM

On June 13, 2014, Defendant Anthony D. Williams II pleaded guilty to Counts 1 and 2 of the Indictment, for violations of 18 U.S.C. §§2244(a) and 2243(a) respectively, which constituted all of the charges that were brought against him.  His plea was taken pursuant to a Federal Rule of Criminal Procedure Rule 11(c)(1)(C) agreement, which provided that the parties agreed to a sentence of imprisonment between 84 and 120 months.  The agreement did not reach conclusions regarding supervisory release or conditions thereof or the imposition of any potential fines.  Mr. Williams previously submitted a sentencing memorandum and letters of support to this Court on August 21, 2014.

In addition to the mandatory and standard conditions of supervision which may be adopted by the Court, in the initial sentencing memorandum, Mr. Williams agreed to follow the six (6) additional conditions listed in the PSR.  (PSR, Sentencing Recommendation, pg. 15 of 16).  However, upon further reflection, Mr. Williams does not agree to the inclusion of possible penile plethysmograph examinations as listed in recommendation number 6 of the PSR.

According to sources, this examination involves the use of a device know as a plethysmograph which is attached to the subject's penis.  In some situations, the subject

apparently may be required, prior to the start of the test, to masturbate so that the machine can be "properly" calibrated. The subject is then required to view pornographic images or videos while the device monitors blood flow to the penis and measures the extent of any erection that the subject has. The procedure lasts two to three hours and determines the subject's level of sexual attraction by measuring minute changes in his erectile responses.

Mr. Williams objects to this requirement as unnecessary, invasive, and unrelated to the sentencing factors specified in 18 U.S.C. § 3553(a) and therefore impermissible as a discretionary condition of supervised release. *See* 18 U.S.C. § 3583(d)(1). Furthermore, it violates Mr. Williams' right to substantive due process.

The Fourth Circuit has noted that the plethysmograph test is "useful for treatment of sex offenders." *United States v. Powers,* 59 F.3d 1460, 1471 (4th Cir. 1995). The First Circuit previously described the use of the plethysmograph as "an accepted tool" and "a standard practice" in the field of sex offender treatment *Berthiaume v. Caron,* 142 F.3d 12, 17 (1st Cir. 1998). However, recently, the Second Circuit held that the penile plethysmograph was unjustified, was not reasonably related to the statutory goals of sentencing, and was violative of the Defendant's right to substantive due process. *United States v. McLaurin*, 731 F.3d 258, 260 (2d Cir. 2013). The Court reached this finding even while acknowledging that trial courts have wide latitude to issue supervised release conditions. *Id*. at 261. The Court in *McLaurin* further held that Second Circuit held that penile plethysmograph is so invasive that it implicates "a fundamental liberty interest" and that it is reasonably related to the statutory sentencing factors only if "narrowly tailored to serve a compelling government interest." *Id.*

Mr. Williams requests that this Court take into consideration the reasoning in *McLaurin* and reject the recommendation that penile plethysmograph be permitted as a condition of his supervised release.

Respectfully submitted,

  /s/ Sheryl R. Wood
Sheryl R. Wood, No. 18300
The Wood Law Firm PLLC
1629 K Street, NW, Suite 300
Washington, DC  20006
(202) 466-0986 phone
(888) 825-3796 fax
sw@thewoodlawfirm.com
*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Supplemental Sentencing Memorandum was served via the CM/ECF system to AUSA P. Michael Cunningham, U.S. Attorney's Office, 36 S. Charles St., Baltimore, MD, 21201 this 17th day of December 2014.

  /s/ Sheryl R. Wood
Sheryl R. Wood, No. 18300
